IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JANE DOE 2,

    Plaintiff,

v.                                                                  No. 1:22-cv-00590-KWR-JHR

TAOS MUNICIPAL SCHOOLS; LILLIAN
TORREZ, ROBERT TRUJILLO, LISA
ABEYTA-VALERIO, and EMY
DeHERRERA, *in their individual capacities,*

    Defendants.

## ORDER

**THIS MATTER** is before the Court on Defendants' Opposed Motion for a Status Conference, [Doc. 30] ("the Motion"). Having considered the briefing and relevant law, the Court grants the Motion in part and denies it in part.

**I.    DISCUSSION**

The present dispute arises from the relationship between this case, *Doe 2 v. Taos Municipal Schools et al.*, 1:22-cv-00590-KWR-JHR ("*Doe 2 v. T.M.S.*"), and another case involving the same parties and lawyers, *Doe v. Taos Municipal Schools et al.*, 1:20-cv-01041-SCY-JHR ("*Doe 1 v. T.M.S.*"). The undersigned is referral magistrate in both cases. Shortly after Doe 2 filed her complaint, [Doc. 1], defense counsel told Doe 2's lawyers they believed the complaint evidenced violations of the Confidentiality Order entered in *Doe 1 v. T.M.S.*, resulting in Doe 2 moving to intervene in *Doe 1 v. T.M.S.* and Defendants moving for sanctions. *See Doe 1 v. T.M.S.*, [Docs. 182, 207]. Because Doe 2 stated in her original complaint that she planned to amend, and because Defendants anticipated that resolution of the motions in *Doe 1 v. T.M.S.* may affect the present case, Defendants sought a status conference to discuss setting

1

deadlines in the present case according to the resolution of the motions in *Doe 1 v. T.M.S. See* [Doc. 30]. Doe 2's lawyers disagreed for several reasons, so the Court ordered an appropriate motion be filed. *See* [Doc. 29, 31].[1] Briefing was completed shortly thereafter. [Doc. 33].

The arguments in briefing largely focused on issues raised in the relevant motions in *Doe 1 v. T.M.S.*, which have now been resolved. *See Doe 1 v. T.M.S.*, [Doc. 289]. The Court will not restate the decision in full, but it suffices to say that the complaint in this case will not be struck as a sanction for violation of a court order, nor will Defendants be ordered prophylactically to withhold education records in discovery. That said, the decision in *Doe 1 v. T.M.S.* also makes clear that, if Doe 2 intends to amend her complaint, she will either need to state allegations which rely solely on information she knows independent of the discovery process in *Doe 1 v. T.M.S.* or she will need to seek amendment to or relief from the Confidentiality Order in that case. Setting deadlines for Doe 2 to take such action may be helpful to the adjudication of this case.

The Court will thus grant Defendants' Motion insofar as it requests a telephonic status conference. At the status conference, parties should be prepared to discuss the following: (1) what deadlines, if any, should be set for Doe 2 to amend her complaint, seek relief which will allow her to use information designated confidential in *Doe 1 v. T.M.S.*, or take similar action necessary for her to prosecute this case; and (2) what deadlines, if any, should be set for Defendants to answer Doe 2's original complaint or an amended complaint. The Court encourages counsel to confer in advance of the status conference on deadlines to which each side might agree. The Court denies all other relief requested in the Motion.

---

[1] Document 29 is a text-only entry viewable on the CM/ECF system.

## II.     CONCLUSION AND ORDER

The Court holds as follows:

(A)  Defendants' request for a status conference is **GRANTED.**  The Court shall hold a telephonic conference on case management on **Thursday, October 12, 2023,** at **2:00 PM.**  A courtroom in Las Cruces will be reserved to make use of the Court's audio recording system. Counsel shall be prepared to discuss what deadlines, if any, should be set for parties in this case to file amended complaints, answers, or other relevant pleadings.

(B)  Defendants' request for deadlines to be set is **DENIED.**  The undersigned will reconsider whether to set new deadlines in this matter following the status conference.

(C)  Defendants' request that any party be permitted to request a status conference within seven days of the Court's resolution in *Doe v. Taos Municipal Schools et al.*, 1:20-cv-01041-SCY-JHR, of Defendants' Motion for Injunctive Relief and Sanctions, [Doc. 207], is **DENIED.**

**IT IS SO ORDERED.**

_____
Jerry H. Ritter
United States Magistrate Judge