IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JANE DOE 2,**

    **Plaintiff,**

v.                                                                                                                             No. 22-cv-0590 KWR/JHR

**TAOS MUNICIPAL SCHOOLS; LILLIAN TORREZ, ROBERT TRUJILLO, LISA ABEYTA-VALERIO, and EMY DeHERRERA,** *in their individual capacities,*

    **Defendants.**

**<u>ORDER GRANTING IN PART AND DENYING IN PART</u>**
**<u>DOE 2'S MOTION FOR CONFIDENTIALITY ORDER</u>**

THIS MATTER is before the Court on Plaintiff Jane Doe 2's Motion for Confidentiality Order [Doc. 18]. Defendants Taos Municipal Schools, Lillian Torrez, Robert Trujillo, Lisa Abeyta-Valerio, and Emy DeHerrera (collectively "Defendants") responded [Doc. 23], and Doe 2 replied [Doc. 26]. Having considered the briefing and the relevant law, the Court **grants** Doe 2's request to deny Defendants' proposed changes and **denies** Doe 2's request to include her proposed changes.

                       **I.**       **BACKGROUND AND PROCEDURAL HISTORY**

Jane Doe 2 sued Defendants on August 5, 2022. [Doc. 1]. Doe 2's case follows Jane Doe 1's case consisting of nearly identical claims. *See Jane Doe v. Taos Mun. Schs. et al.*, 1:20-cv-01041-SCY-JHR (Oct. 8, 2020 D.N.M.) ("Doe 1"). Doe 1 alleges that she was sexually harassed and assaulted on the campus of Taos High School in 2017 and that Defendants, the public school district which operates the high school and its administrators, are liable to her for damages. *See generally Id.* She alleges three counts on which they may be liable: Counts I and II allege

violations of her substantive rights to bodily autonomy, guaranteed by the Due Process and Equal Protection clauses of the Fourteenth Amendment to the United States Constitution, and Count III alleges tort claims arising from New Mexico common law. *See id.* at 38-52. The gist of her theory of liability on each count is that Defendants enabled Doe's assailant, failed to adequately monitor school premises, inadequately hired and trained employees, and failed to properly investigate instances of harassment and assault, all of which breached Defendants' constitutional and common law duties and caused Doe to be assaulted. *See id*. To date, Defendants have not filed a responsive pleading nor has discovery commenced. The instant Motion for Protective Order followed Defendants' entry of appearance. *See* [Docs. 14, 18].

The Court will summarize its recent memorandum opinion and order in Doe 1, which resolved several motions relevant to the instant order. *Doe 1*, 20-cv-01041 [Doc. 289]. The parties here refer several times Doe 2's Motion to Intervene and Defendants' Motion for Injunctive Relief and Motion for Sanctions. *Doe 1*, 20-cv-01041 [Docs. 207, 210]. In the ensuing order, the Court allowed Doe 2 to intervene but found that Doe 2 violated the Doe 1 confidentiality order by using confidential information in Doe 2's complaint. *Doe 1*, 20-cv-01041 [Doc. 298, p. 1]. However, the Court found that Doe 2's complaint did not violate the Family Educational Rights and Privacy Act ("FERPA") and thus did not trigger FERPA's sanction for unlawfully disclosing protected student records. *Id.* at 1, 2. The Court sanctioned Doe 2 with attorneys' fees for the protective order violation but declined to strike Doe 2's complaint. *Id.* at 2. The Court also denied Doe 2's request to amend the stipulated confidentiality order in Doe 1 to allow sharing confidential information with Doe 2. *Id.* at 2.

This last point is the most relevant to the instant analysis. As intervenor in Doe 1, Doe 2 asked the Court to amend the Doe 1 confidentiality order to allow Doe 2 to access and use protected

2

records and information in Doe 1. *Id.* at 27. Doe 2 couched her position as a "common-sense solution" because the lawyers and the discoverable information are the same in both cases. *Id.* Defendants opposed the amendment largely because of FERPA's requirement to notify students and parents before releasing education records *in each matter*. *Id.* Although the Court issued a FERPA order in Doe 1 giving notice that confidential student records were going to be released, Defendant argued that another FERPA order noticing the students that their education records will be used again in Doe 2 is necessary to protect students' privacy interests. *Id.* While the Court denied amendment to Doe 1's confidentiality order because the parties are currently litigating the issue in Doe 2, it recognized that FERPA may indeed require another round of notice in Doe 2 before any confidential student records can be disclosed. *Id.*

The Court also found that the relationship between discoverable information, the First Amendment, and confidentiality policies limits disclosure of confidential information learned from discovery. *Id.* at 12-13. After examining controlling precedent, the Court found that "[i]nformation which Doe 1 or her lawyers have obtained solely by discovery in the present case [Doe 1], and which has been designated confidential in good faith, cannot be used for any other purpose [] than litigating the present case." *Id.* at 13. In other words, information gleaned from the discovery process in Doe 1 is not public information that can be seamlessly incorporated into Doe 2.

## II.  PARTIES' ARGUMENTS

A. <u>Jane Doe 2's Arguments</u>

Doe 2 argues that the Court should enter a protective with similar terms to the Doe 1 confidentiality order, shielding categories of confidential information from disclosure: education records, protected health information, employee personnel records, images depicting sexual

3

assault or nudity, court records pertaining to orders of protection, domestic relations, or juvenile proceedings, and law enforcement records not subject to public disclosure. [Doc. 18, p. 1, 2]. Doe 2 again contends that a confidentiality order similar to Doe 1 would make discovery easier because the parties could share a "common nucleus of records and information." *Id.* at 2. To that end, Doe 2 requests the inclusion of phrases linking the disclosure of confidential information between Doe 1 and Doe 2. *See* [Doc. 26-1] (Plaintiff's Proposed Protective Order) (allowing designated confidential information to be disclosed in the Doe 2 lawsuit and related matters "including the related proceeding captioned *Jane Doe v. Taos Municipal Schools, et al.*, 20-cv-011-SCY-JHR"). Doe 2 also requests that the protective order include a fourteen (14) day deadline for proposing redactions in filings and a deadline for the Court to rule on those proposals. *Id.* at 4.

### B. **Defendants' Arguments**

Defendants oppose Doe 2's proposal to allow sharing confidential information between cases. [Doc. 23, p. 5]. Defendants again say that FERPA prevents sharing confidential information between Doe 1 and Doe 2. *Id.* They state that the only way FERPA-protected documents can permissibly be shared is if the Court enters another FERPA order giving affected students notice and an opportunity to object to production of their records in Doe 2. *Id.* at 5-6. Defendants recap that the parties agree on the necessity of a confidentiality order and on the categories it should cover but disagree how to designate confidential information.[1] *Id.*

Defendants' proposed confidentiality order includes more changes than Doe 2 proposes. They primarily seek to alter the process by which information is deemed confidential. *See* [Doc. 23-1, p. 3-4]. In particular, Defendants take issue with the current process requiring the parties to

---

[1] Defendants also argue that Doe 2's proposed confidentiality order cannot be entered as Doe 2 wishes because the Court may strike the Doe 2's complaint or otherwise enjoin Doe 2 from a new complaint. *See* [Doc. 23-1]. Because the Court has already decided not to impose those sanctions in favor of attorneys' fees, the Court will not address this line of Defendants' argument.

4

make confidentiality designations for specific deposition transcript excerpts or exhibits within thirty days of receiving the transcript. [Doc. 23, p. 3]. Defendants argue that this process is "extremely time-consuming and burdensome as it requires a line-by-line analysis of testimony to determine whether it reveals information directly derived from information protected by the Confidentiality Order." *Id.* at 4. Instead, Defendants propose a "simpler approach" which involves designating as confidential the entire deposition transcript and individual documents if they contain confidential information. *Id.* The opposing party may then file objections to confidentiality once the document is filed into the court record. *Id.*

Doe 2 replies that Defendants unlawfully attempt to expand the definition of confidential information to fit their agenda. [Doc. 26, p. 2]. Doe 2 believes that under Defendants proposed approach she cannot publicly disclose any information in a document marked confidential "without the threat of sanctions for violating Defendants' proposed order." *Id.* at 3. She cites Tenth Circuit and New Mexico authority allegedly endorsing "exactly the opposite" of Defendants' plan. *Id.* Doe 2 also posits that Defendants plan also runs afoul of the Tenth Circuit local rules' preference for public access in public filings. *Id.* For these reasons Doe 2 urges to the Court to deny Defendants proposed changes to confidentiality designations.

### III.    LEGAL STANDARDS

Federal Rule of Civil Procedure 26(c) governs the protective order process. Fed. R. Civ. P. 26(c). The purpose of a protective order is to prevent the "annoyance, embarrassment, oppression, or undue burden or expense" which would result from the disputed information being disclosed. Fed. R. Civ. P. 26(c)(1)(A). Because the trial court is in the best position to weigh competing litigation needs and interests, it has broad discretion to decide whether and to what degree a protective order is appropriate. *Layne Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 244 (D.

Kan. 2010). The scope of the protective order hinges upon the appropriate balance between the need for the confidential information and the risks of its disclosure. *Id.* at 249 n.27. The party moving for a protective order has the burden to show good cause, which requires showing "a particular and specific demonstration of fact" rather than conclusory statements. *Id.* at 244. (internal citation omitted). Upon showing good cause, Rule 26(c) empowers the court to forbid the disclosure of information, specify terms and methods for disclosure, prohibit inquiries, limit the scope of disclosures, and require that depositions be sealed. Fed R. Civ. P. 26(c)(1)(A)-(H).

## IV. ANALYSIS

The Court will grant in part and deny in part Doe 2's Motion for Protective Order. The Court will deny Doe 2's request to allow confidential information to be shared between Doe 1 and Doe 2 in deference to FERPA requirements. FERPA generally prohibits a student's education records from being disclosed to individuals other than the student and his parents. *See* [Doc. 289, p. 15]. FERPA allows education records to be disclosed to others pursuant to a judicial order only if the order alerts the student and his parents to the impending disclosure so they can object if they choose. *Id.* at 16. Absent this notice and opportunity to object, a school district risks losing federal funding. *Id.*

The Court's previous concern about sidestepping a new FERPA notice in Doe 2 has not diminished. The Court stands by its prior reasoning and notes that Doe 2 has not provided a competent reason why it should not be required to renew the FERPA notification process for this matter. FERPA specifies only two exceptions which allow the release of personal education records without the risk of funding loss: (1) written consent of the student's parents, or (2) a judicial order providing notice and opportunity to object the records disclose. *Id.* at 17 (citing 20 U.S.C. § 1232g(b)(2)).  Doe 2's efforts to convince the Court that the two matters are intertwined to a degree

that a FERPA order is unnecessary here fails to directly address the FERPA provisions and their exceptions. No FERPA exceptions currently apply in Doe 2. The Court thus denies Doe 2's proposed amendments attempting to link (by implication) the Doe 1 FERPA order with this case and authorize records-sharing without a FERPA process unique to this case.

The Court's prior finding that a protective order may properly limit the dissemination of information obtained solely through discovery informs the Court's denial of Doe 2's proposed amendments here. The Court relied on the *Seattle Times* case, which clarifies that courts may restrict information produced in discovery without impinging on constitutional rights because the rules of civil procedure cabin the exchange of information in discovery to only the litigants. *See Doe 1*, 1:20-cv-01041 [Doc. 289, p. 10] (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 32-34 (1984)). *Seattle Times* extinguishes the notion that facts gleaned from discovery are as readily available as facts learned from non-discovery sources. In essence, it endorses the Court's inclination to deny Doe 2's proposed protective order.

On the other hand, Doe 2 argues persuasively against Defendants' proposed protective order. Defendants wish to initially over-designate confidential information and later fight about whether or not a designation is overbroad. *See* [Doc. 23, p. 3, 4]. Defendants complain that the current procedure requiring line-by-line review of deposition testimony for confidential information is "extremely time-consuming and burdensome." *Id.* at 4. They advance a "simpler approach" in which both the specific page and the entire deposition are marked as confidential if protected information appears. *Id.* This approach relies on objections to the confidential designations to later cure any errors. *Id.*

Doe 2's reply points out pitfalls of Defendants' proposed process. Tenth Circuit authority disfavors unnecessary withholding of information in court records from the public. [Doc. 26, p. 3].

7

Doe 2 relies primarily on *GeoMetWatch Corp. v. Behunin*, 38 F.4th 1183, 1233-34 (10th Cir. 2022). In that case, the Tenth Circuit addressed a motion to seal, noting that under its local rules the movant "must overcome a presumption in favor of access to judicial records" and "redaction is preferable to filing an entire document under seal." *Id.* Under these principles, the court denied a motion to seal because it failed to show "why redaction in lieu of sealing does not adequately protect any privacy interests." *Id.* Overall, the defendant's "wholesale request to seal" improperly "overlook[ed] [the circuit's] presumption in favor of the common law right of access to judicial records." *Id.* at 1234 (internal citation omitted).

*GeoMetWatch* is persuasive even though it addressed a motion to seal instead of a motion for protective order directly; the Court treats the two mechanisms as intertwined because Defendants' plan contemplates motions to seal upon filing confidential documents into the record. [Doc. 23, p. 4]. Defendant's "simpler approach" of erring on the side of over-designation and later hashing out the finer points similarly runs contrary to the governing presumption in favor access to judicial records. *See id.* at 1234. Defendants have given no reason to overcome this presumption other than time constraints and annoyance. Defendants do not resolve the likelihood that their approach will create unnecessary litigation, cost, and delay by turning the Court into the main forum of confidentiality disputes. In sum, Defendants have not shown why the rule that "redaction is preferable to filing an entire document under seal" does not prevail here and thus the Court will not adopt their approach. *See id* at 1233.

## V. CONCLUSION AND ORDER

**IT IS THEREFORE ORDERED** that Doe 2's Motion for Confidentiality Order is **GRANTED IN PART** insofar as the Court denies Defendants' proposed changes and **DENIED**

**IN PART** insofar as the Court denies Doe 2's proposed changes. The Court takes the following specific actions:

1. **Doe 2's Proposed Order**: The Court **denies** Doe 2's requests to include the proposed language in paragraphs 6(a)[2] and 6(b)[3] which would allow confidential documents to be shared between this matter and Doe 1; and

2. **Defendants' Proposed Order**: The Court **denies** Defendants' requests to include the proposed language in paragraphs 2, 3, 5, 6(a) and (b), 7, and 8 which would alter the process for designating confidential information. Doe 2 did not object to paragraph 14 and so the Court will allow that paragraph to remain.

**IT IS FURTHER ORDERED** that the parties **submit a proposed FERPA order to the Court within fourteen (14 days) of entry of this Order** because the use of confidential information in this matter requires the Court to issue another FERPA order providing the students notice and an opportunity to object to disclosure of their educational records.

**IT IS FURTHER ORDERED** that the parties to confer regarding the form of a proposed protective order compliant with the parameters set forth in this Order and **submit a proposed protective order to the Court within thirty (30) days of entry of this Order.**

**IT IS SO ORDERED.**

---

[2] (a) General Protections. Designated Confidential Information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals or any other related legal proceeding brought by one of the parties to this litigation and <u>including the related proceeding captioned *Jane Doe v. Taos Municipal Schools, et al.*, No. 20-cv-01041-SCY-JHR (D.N.M. First Amended Complaint filed Oct. 21, 2022)</u>. [Doc. 26-1, p. 4-5] (emphasis added).

[3] (b) Who May View Designated Confidential Information: Except with the prior written consent of the designating party or prior order of the court, designated Confidential Information may only be disclosed to the following person sin the course and scope of their duties related to this case and any appeals or any other related proceedings as defined above, <u>including the related proceeding captioned *Jane Doe v. Taos Municipal Schools, et al.*, No. 20-cv-01041-SCY-JHR (D.N.M. First Amended Complaint filed Oct. 21, 2022)</u>. [Doc. 26-1, p. 5] (emphasis added).

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE