IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JANE DOE 2**,

    Plaintiff,

vs.                                                                           Case No. 1:22-cv-00590-KWR-JHR

**TAOS MUNICIPAL SCHOOLS;**
**LILLIAN TORREZ, ROBERT TRUJILLO,**
**LISA ABEYTA-VALERIO**, and
**EMY DEHERRERA** in their individual capacities,

    Defendants.

## ORDER REGARDING FERPA PROCESS

**THIS MATTER** having come before the Court pursuant to the instructions for submitting a proposed FERPA order in the Court's Order Granting in Part and Denying in Part Doe 2's Motion for Confidentiality Order (Doc. 51) filed November 2, 2023, and the Court being otherwise fully advised of the premises, **HEREBY FINDS AND ORDERS**:

1. The Court hereby adopts the process set forth below for the Parties to notify students of the potential disclosure of their educational records protected by FERPA and of their opportunity to object to disclosure, and for resolution of any objections. References to "students" shall refer to current and former Taos Municipal School (TMS) students, and, in the case of any students under the age of eighteen, refer to their parent or legal guardian. Notice shall be provided to affected students as follows:

2. Within fourteen days from the date of entry of this Order, TMS will send written notice of the potential disclosure of educational records protected by FERPA and of the opportunity to object to such disclosure in this case to the students other than Jane Doe 2 to whom such notice was provided in *Doe v. Taos Municipal Schools, et al.*, No. 20cv1041 SCY-JHR, using the contact

information made available to them in that case or TMS's last known address for each student.

The notice used in this case shall state the following:

> This letter is sent to notify you of the potential disclosure by the Taos Municipal Schools ("TMS") of your educational records and to advise you of your right to object to disclosure of these records. The records that may be released include documents and information related to the claims or defenses raised in a lawsuit filed against TMS and some of its administrators. This lawsuit was filed against the TMS school defendants on behalf of a former student identified only as Jane Doe 2, Case No. 1:22-cv-00590-KWR-JHR, filed in the United States District Court for the District of New Mexico. You are not a party to the lawsuit.
>
> According to the Family Educational Rights and Protection Act of 1974 (FERPA), TMS is required to notify students and former students of the potential disclosure of educational records that include student identifying information. *See* 20 U.S.C. § 1232g. Educational records are defined by FERPA to include "records, files, documents, and other material which; (i) contains information directly related to the student; and (ii) are maintained by the educational agency ... " 20 U.S.C. § 1232g(a)(4)(A). TMS is an educational agency under FERPA. Records that might be disclosed in the lawsuit include academic records, discipline records, communications among TMS and Taos High School administrators and staff about students, and other documents and materials. The Parties will be bound by a court order to limit the use and disclosure of information contained in "educational records" as defined by FERPA.
>
> If you wish to object to the release of your educational records by TMS, you or an attorney acting on your behalf must send a written objection to disclosure **within twenty-one (21) days of the date of this letter** to my attention at the address located on this letterhead. You may also send your objection to me via email at esther@taosschools.org. TMS will forward your objection to the Court, and the Court may review copies of the records that might be disclosed. TMS will not file your objections or the educational records with the Court as public records. The Court will decide if TMS shall or shall not disclose the records to Plaintiff's counsel. If the Court orders TMS to produce records containing FERPA protected information even though you objected to the disclosure, TMS or its attorney will let you know that TMS was required to disclose the record(s).
>
> Please note that TMS and its attorneys are not able to provide legal advice to current or former TMS students. If you have questions about the potential disclosure of records identified in this Notice, please consult with your own attorney.

3.  Counsel for the Defendants will file a Certificate of Service stating that the notices have been sent, but will not disclose the identity of the students to whom they have been sent absent a further order from the Court;

4.	Within three business days after the deadline for objections to be submitted to TMS, counsel for the School Defendants shall notify the Court of whether TMS timely received any objections to disclosure and shall provide copies of the objection(s) to the Court for its in-camera review;

5.	Concurrently with its notice to the Court, counsel for the School Defendants shall file a Certificate of Service stating either that no objections were timely received or stating that one or more objections were timely received, noting the number of objections, and confirming that copies of the objection(s) have been provided to the Court. The Certificate of Service shall not identify the students who objected to disclosure. Counsel for the School Defendants shall file under seal a single separate notice of the name(s) of any student(s) who submitted timely objections;

6.

    a. Immediately upon expiration of the time for objections, Counsel for the School Defendants shall disclose to counsel for Plaintiff any records which were not the subject of a timely objection, *i.e.*, all records where no timely objection was received as well as, where limited objections were received to specific records of categories of records, all records outside the scope of a limited objection. Counsel for Plaintiff may, but is not required to, communicate to counsel for the School Defendants additional voluntary limitations on disclosure for the convenience of the parties.

    b. Regarding records identified in general or specific objections, counsel for the School Defendants shall provide the Court and counsel for Plaintiff a log of such records (or multiple logs specific to individual students if deemed helpful to the process) identified by categorical descriptions intended to allow meaningful notice to Plaintiff while preserving confidentiality pending the Court's *in camera* review. Counsel for the School Defendants shall simultaneously provide the Court copies of the records identified in the log.

c.  The Court will conduct an *in camera* review of records identified in the log to balance Plaintiff's need for disclosure against the objecting student's interest in privacy. The Court will issue one or more orders either granting or denying disclosure according to the categories identified in the log(s) and with additional necessary explanation of the basis of the Court's rulings without disclosure of specific information from the records.

d.  To provide an opportunity for review of the Court's order(s) under Fed. R. Civ. P 72(a), counsel for the School Defendants shall not disclose any documents provided for *in camera* review until fifteen calendar days after service of the Court's order(s). On the fifteenth day after service, counsel for the School Defendants shall disclose to counsel for Plaintiff all records not the subject of a pending objection under Rule 72. Records subject to Rule 72 review shall not be disclosed except by order of the presiding judge.

7.  If, during the course of discovery in this case, other students whose educational records protected by FERPA are sought by Plaintiff or are identified by the School Defendants as relevant to the defense of this case or responsive to discovery requests, within fourteen days of identification of the need or desire to produce the records at issue, TMS shall notify such other student(s) of the potential disclosure and of their right to object by notice as described above, and the procedure set forth above shall be used to notify such students of the potential disclosure of their records and of their right to object to disclosure.

**IT IS SO ORDERED.**

_____
The Honorable Jerry H. Ritter
United States Magistrate Judge